# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

SEP 2 7 2000

UNITED STATES OF AMERICA

V.

KEITH WILLIAMS

**CRIMINAL COMPLAINT**

CASE NUMBER: 20-4224-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___September 26, 2000___, in ___Broward___ county, in the ___Southern___ District of ___Florida___ defendant(s) did, (Track Statutory Language of Offense)

possess with intent to distribute cocaine;

in violation of Title __21__ United States Code, Section(s) _841(a)(1)_

I further state that I am a(n) <u>DEA Special Agent</u> and that this complaint is based on the following
                                    Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
DEAN WOLPRERT, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

_____          at  Fort Lauderdale, Florida
Date                                     City and State

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer       Signature of Judicial Officer

## AFFIDAVIT

I Dean Wolpert, being duly sworn, state that:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) in Fort Lauderdale, Florida. I have been a Special Agent since January 28, 2000, and I am currently assigned to investigate violations of federal narcotics laws. Prior to my employment with the DEA, I was a police officer in the City of Fort Worth from 1994 until 1999. During my last two (2) years of service with the Fort Worth Police Department I was assigned to a 'Zero-Tolerance" team responsible for investigating gang related and violent crimes.

2. During my career as a DEA Agent and as a police officer, I have participated in numerous investigations involving violations of narcotics laws, including several investigations involving cocaine. As a result of my experience, I am familiar with the manner and methods used by narcotics traffickers to distribute narcotics.

3. This affidavit is submitted in support of a complaint to show probable cause charging KEITH WILLIAMS with a violation of federal law to wit; possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841 (a) (1). These are not all of the facts known to the affiant but only those necessary for a determination of probable cause.

4. On September 26, 2000, members of the Broward County Domestic Interdiction Unit (DIU) accompanied by your affiant, were working at the Greyhound Bust terminal located at 515 NE 3rd Street, Fort Lauderdale, Florida. At approximately 7:30 P.M., the Detectives observed as bus #1002 arrived at the terminal for a scheduled stop. After observing passengers exit the bus, the Detectives asked for and received the bus driver's permission to board the bus. Detectives Robert Wolfkill and Jose Interian and your affiant entered the bus and observed approximately fifteen persons seated inside. The Detectives and your affiant then entered the bus with the remaining

passengers of Greyhound bus #1002, which had a final destination of New York City. The Detectives and your affiant walked to the back of the bus, and leaving the isle area clear, identified themselves and began to conduct consensual encounters with the occupants of the bus. The Detectives and your affiant had observed a subject later identified as KIETH WILLIAMS sitting in the passenger side rear area of the bus two rows forward of the restroom as they met and spoke with consenting bus passengers. Detective Interian met with, and identified himself, to WILLIAMS. Detective Interian explained to WILLIAMS that the detectives were looking for contraband, then asked WILLIAMS if he had any luggage.

5. WILLIAMS became extremely nervous and stated "no". Detective Interian observed that WILLIAMS was continuously staring at the bags located directly across from him. WILLIAMS then stood up and stated that the black bag above him was his. Detective Interian gained permission to search the bag and handed it to Detective Wolfkill. The consensual search revealed one change of clothing and a bible. Detective Interian spoke with WILLIAMS who advised that he was from New York and had been visiting family in Miami for the past week. Detective Interian asked WILLIAMS if he was traveling alone. WILLIAMS replied that he was with his wife and child who had exited the bus. Detective Wolfkill pointed to the tan and purple bags across from WILLIAMS and asked him if he knew the owner of the bags. WILLIAMS replied that he did not know to whom the bags belonged. At this time ALETHA WILLIAMS and Keynisha Williams entered the bus and sat in the seats across from KEITH WILLIAMS. Detective Wolfkill identified himself and asked ALETHA WILLIAMS if she was traveling with KEITH WILLIAMS. She replied that she was. Simultaneously Detective Interian asked KEITH WILLIAMS if he was traveling with ALETHA WILLIAMS. KEITH WILLIAMS replied that he did not know her. Detective Wolfkill asked ALETHA WILLIAMS if the tan bag and the purple bag above her seat belonged to her. ALETHA

WILLIAMS replied "yes", then gave Detective Wolfkill permission to search the bags. Detective Wolfkill opened the tan bag and discovered two kilogram sized packages wrapped in newspaper and plastic wrap. Detective Wolfkill cut open one of the kilogram sized packages and discovered a white powder substance that he believed to be cocaine. ALETHA WILIAMS was placed into custody, and KEITH WILLIAMS, and Keynisha Wiliams exited the bus. KEITH WILLIAMS was advised of his Miranda warnings, then subsequently stated that the two kilogram sized packages belonged to him, and not ALETHA WILLIAMS. The subjects were transported to the DIU office at the Fort Lauderdale/Hollywood International Airport, where Detective Interian field tested one of the packages, which tested positive for cocaine, a Schedule II controlled substance, at which time your affiant placed KEITH WILLIAMS under arrest. The cocaine packages had a net weight of 2.6241 kilograms.

6. Your Affiant advised WILLIAMS of his constitutional rights as per Miranda and received acknowledgment from WILLIAMS that he understood his rights and agreed to waive same. WILLIAMS thereafter reported that he knew he had stolen the cocaine in the tan bag during a robbery of same he had committed in the area of 54th and 29th Avenue in Miami on September 25,

2000. KEITH WILLIAMS stated further that he had planned to transport the cocaine from South Florida to New York City, where he would distribute it.

Dean Wolpert, Special Agent
Drug Enforcement Administration

Subscribed and sworn to
before me this 27th day of September, 2000.

Barry S. Seltzer
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v

**KEITH WILLIAMS**

      **Defendant.**

---

**CRIMINAL COVER SHEET**

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ____ Yes __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____ Yes __x__ No

3. Has AUSA Richard Scruggs had supervisory authority over, or otherwise participated in, this case?
____ Yes __x__ No

      Respectfully submitted,

      GUY A. LEWIS
      UNITED STATES ATTORNEY

BY: _____
      Terrence J. Thompson
      ASSISTANT UNITED STATES ATTORNEY
      Court Bar Number A55000063
      500 E. Broward Boulevard, 7th Floor
      Fort Lauderdale, Florida   33394-3002
      TEL (954) 356-7255
      FAX (954) 356-7336
      E-MAIL ADDRESS:
                      Terrence.Thompson@justice.usdoj.gov