IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

02-60525
CIV-ZLOCH

MAGISTRATE JUDGE
SORRENTINO

KEITH WILLIAMS
    MOVANT, PETITIONER,

-V-

NO: ▓▓▓▓▓▓▓▓▓▓

UNITED STATES OF AMERICA
    RESPONDENT,

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

### INTRODUCTION

Now come, Keith Williams (Hereinafter "Movant" and or "Petitioner" in Pro-se, in the above-captioned cause who hereby most respectfully move this Honorable court pursuant to 28 U.S.C §2255 to Vacate, Set Aside, or Correct his sentence on the following grounds:

1)    The conviction was obtained and sentence was imposed in violation of the Due Process Clause of the Fifth Amendment, Defective Indictment and Jurisdictional Defect.

2) The conviction was obtained and sentenced was imposed in violation of the Sixth Amendment, Ineffective Assistance of counsel

I

## INCORPORATION BY REFERENCE

Petitioner incorporated by reference herewith the allegations, facts, and legal arguments presented in the AO243 form.

II

## STATEMENT OF THE CASE

The Grand Jury charges that:
On or about September 26, 2000, at Broward County, in the Southern District of Florida, the defendant, Keith Williams, did knowingly and intentionally possess with the intent to distribute a Schedule II controlled Substance, that is, at least five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

## THE PLEA AGREEMENT

On January 30, 2001, the Movant plead guilty to the indictment pursuant to a written plea agreement.

## THE SENTENCE

On April 23, 2001 The District Court sentenced the movant to 188 months imprisonment follows by a term of at least five (5) years supervise release. On the advise of his lawyer movant did not filed a notice of appeal.

### A. SUMMARY ARGUMENT

Petitioner contends that the plea agreement addressed only the issues of "Sentencing Range" and not "The Offense Level" which mislead petitioner into believing that offense level would be calculated based upon the "Drug Quantity" Criminal History, and other aspects of the Guidelines, But certanly not the "Career Offender" application without the filling of the information.

Petitioner's issue is not whether or not the government is required to file an information to trigger the "Career Offender" enhancements under the guidelines, for normally the government is not required to do so, however petitioner's argument rests upon wheather or not a "Notice" is required prior to sentencing (or the plea). As a guideline sentencing enhancement (Chapter Four-U.S.S.G.), **NOTICE IS REQUIRED**, and in movant's case, notice was provided by virtue of the P.S.R under date of April 16, 2001. (Page 7. attached as addendum to Exhibit-A).

It was the **DIRECT FAILURE** of movant's court appointed counsel (Robert Berube) to file a sentencing memorandum objecting to the "Career Offender" sentencing enhancements because the government failed to provide or file an information, **PRIOR TO MOVANT'S PLEA**, THAT THE "Career Offender" provision under the U.S.S.G. would apply in movant's case.

The failure of counsel is "Ineffective Assistance of Counsel" under **Strickland -V- Washington**, and should not, cannot, carry the government's burden of justifying the failure of filing a "Prior Felony Information," and the resulting prejudiced inflicted upon this movant's constitutional Rights under the law, as protected under the due process and equal protection provisions of the United States Constitution were violated.

A defendant who seeks to enter into a plea agreement must do so voluntarily, knowingly, and intelligently. The government may not dupe a defendant into a plea blindly and surprisingly apply a far greater sentence than what the defendant's expectations could have foreseen. In **Bousley -V- United States**, 140 L.Ed 2d 328 (1998). It was held by the United States Supreme Court';...A defendant who has entered into a plea without being informed or mis-informed as to the elements of the offense, prior to the

(3)

plea, has entered an Unconstitutional invalid plea... Case at bar, movant was not informed and mis-informed as to the elements required to trigger the "Career Offender" statue under the circumstances of movant's case, prior to his plea. It was only after the plea and before sentencing, movant was informed by the P.S.R, that the government desired to increase movant's offense level, not range from 26 to 34, and the Criminal History to the Maximum of category VI. At this point movant had entered into an unknowing and unintelligent plea under <u>Bousley</u>, because had movant known this prior to his plea, movant would not have plead out but surely went to trial.

A plea which contains an un-stipulated sentence level/range, and simply a general recidivism of the guidelines is a blind plea as it applies to career offender enhancements. It is duty of the defense counsel, the court, and the prosecutor, to place a pleading defendant on some form of notice, <u>**PRIOR TO HIS PLEA**</u>, that he would be subject to the career offender guidelines as a result of his guilty plea. This would alert a defendant that he still had an option at trial, and may indeed be found innocent.

### B.  <u>**CAUSE AND ACTUAL PREJUDICE**</u>

In support of movant's claims he rely upon the following two prong test under <u>Bousley</u>,

### I
### <u>CAUSE AND ACTUAL PREJUDICE</u>

### II
### <u>ACTUAL PREJUDICE</u>

### ARGUMENT

Movant did not contribute to the government's failure to file an "information", that it will seek the "Career Offender" enhancements under the guideines, However, movant is prejudice by the government's failure to do so.

Arguendo, assuming the government in certain instances, may not be required to file such an "Information" it is only when seeking to <u>Increase</u>

(4)

**Punishment** by reason of prior convictions under the charged statue, is there a requirement for filing "Information"?

Case at bar goes to the issue movant did not go to trial and his conviction was established upon a plea of guilty wherein his unknowingly and unintelligently entered into without notice that the "Career Offender" provisions under the guidelines would apply to his case. Movant did not waive his right to be informed prior to his plea, of the applications of chapter four enhancements to his case if he plead guilty. The 188 months sentence imposed was far greater than the 70-87 months movant had expected to receive absent application of the "Career Offender" provisions.

Defense counsel violated movants Sixth Amendment Right to Effective Assistance of Counsel by failing to inform movant that his plea of guilty would "Trigger" Chapter Four Enhancements under the "Career Offender" provisions.

The government by entering into a plea contract with monvant's without informing him, that his plea of guilty would "Trigger" The Chapter Four Enhancements under the "Career Offender" provisions violated this movant Due Process Rights under the Fifth and Fourteenth Amendments. The District Court prior to the Rule 11 hearing violated this movant Due Process Rights under the Fifth and Fourteenth Amendments by failing to inform him, prior to his plea, that his plea of guilty would "Trigger" the chapter four enhancements under the "career offender" provisions.

Movant's plea was an unconstitutional blind plea which affected his substantial right of a fair determination of his sentence. Prior to his plea, had counsel, the District Court or the Prosecutor informed movant that his past convictions would be utilized to increase his punishment under the guidelines, movant then would have had the opportunity of making an informed knowingly and intelligent decision as to go to trial or enter into a plea. The failure of **Notice** to this movant violated his constitutional rights and he is actual innocence of the charges he unknowingly and unintelligently entered into. See **Bousley** Supra.

Movant had entered a plea to the one count indictment possession of five hundred (500) grams of cocaine which offense level would have

been 26 with the government's agreement 3 points adjustment for acceptance of responsibility which would have placed movant at offense level 23. Movant did not expect to be sentenced under chapter four enhancements which shield his history category of VI, far above and beyond any legitimate expectation of any presumed sentencing calculation.

### C. MOVANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY A JURISDICTIONALLY DEFECTIVE INDICTMENT.

A. Under the aforesaid, the penalty subsection is omitted from an indictment; Title 21 U.S.C. §841(b) is entitled "penalties" and states that any person who violates subsection (a) of this section shall be sentenced as subsection (b) prescribes." The question turns whether there exist a jurisdictional [issus] based on the lack of the proper elements being set forth in the indictment and the resulting failure in establishing proper jurisdiction for the case to proceed. See, **Kelly -V- United States**, 29 F.3d 1107 (7th Cir. 1994).

In **Kelly**, which was a jurisdictional issue pertaining, to the court imposing an enhanced sentence without the government first filing the required (21 U.S.C. 851) information where the court held (P. 1109-1110) and stated: "In fact we have previously observed that a court does not even have jurisdiction to impose an enhanced sentence unless notice is served." See, **United States -V Belanger**, 970 F. 2d. 116, 118 (7th Cir. 1992) (Failure to file notice prior to trial, deprives the District Court of jurisdiction to impose an enhanced sentence".

Here the court is stating: Even for an enhancement for a criminal charged; There are set procedural guidance's, which when not followed become jurisdictional inpediments. The government in the instant case reasoned that the court might have come up with an appropriate sentence; had it gotten the law right, and the petitioner in **(Kelly)** by virtue of the court's mistake no harm had befallen the petitioner... The court refused to accept the government's argument stating: P. (1115): we can not accept this argument... because it asks us to ignore the Supreme Court insistence that "a litigant

failure to clear a jurisdictional hurdle can never be harmless," See, **Torres -V- Oakland Scavenger Co**. 487 U.S. 312, 317 N3 108 S.C.T 2405, N3 103 Led 2d 285 (1988) See also **Weaver** 905 F. 2d at 1481 (Quoting **United States -V- Olson** 716 F. 2d 850 852 (11 Cir. 1983) (Significantly, [T]he doctrine of harmless error dose not apply with respect to failure to follow the statutory scheme of §851.

When the indictment fail to list essential elements which is a statutory scheme of the charged offense, it arguably creates a jurisdictional defect as there has been a failure to charge the defendant with a crime. See, **United States -V- Click**, 142 F 3d 520 (6th Cir. 1998). Indictment is construed both liberally and with some question of sufficiency that the defendant acted knowingly unlawfully and willfully was fatally defective to the government prosecution of the indictment: Citing, **Morisette -V- United States** 342 U.S. 246, 96 Led 288 (1952), Holds that a criminal intent is an essential element of an offense under §641 P. 1095-2-5): It when on to say: we think a defect of the type present in this case is more than a matter of mere form of technical pleading and constitutes a substantive defect in the indictment. It is elementary in American jurisprudence that an indictment must set forth the **essential elements of the offense** charged, and if it does not a conviction based thereon is fatally defective. See **Stirone -V- United States**, 361 U.S. 212 80 S.C.T. 270, 4 Led 2d 252 (1960); **Cole -V- Arkansas**, 333 U.S. 196, 68 S.C.T. 514, 92 Led 644, (1948); **Honer -V- United States**, 344 F 2d 795 (5th Cir. 1 65) **WALKER -V- United States**, 342 F. 2d 22 (5th Cir. 1965); **Hughes -V- United States**, 338 F 2d 651 (1st Cir. 1964)' **United States -V- Jordon**, 284 F.Supp 758 (D. Mass. 1968).

The specific reason for the requirement that the indictment contain all of the essential elements of the crime charged in the case is that there could be no assurance that the Grand Jury would indict if it not considered all of the essential elements of the crime.

The movant's Fifth Amendment Protection of being called to answer only upon a Grand Jury Indictment would be eroded by allowing the court's to supply missing elements of the charged offense.

### D. PETITIONER'S WAS DENIED DUE PROCESS AND FAIR TRIAL WHEN THE DISTRICT COURT ACTED BEYOND IT'S JURISDICTION BY CONSTRUCTIVELY AMENDING HIS INDICTMENT.

Federal Courts are courts of limited jurisdiction See, United States Constitution Article III Section 2. Lack of jurisdiction over the subject matter of an indictment is not subject to waiver and may be raised at any time. **United States -V- Arbo**, 691, F. 2d 862, 865 (9th Cir. 1982). This court may entertain a jurisdictional question at any stage of the proceedings. See Rule 12 (b) (2) Fed. R. Crim. P.

Petitioner contends that the District Court has acted beyond it's jurisdiction when it sentenced him 188 months imprisonment for alleged conduct that was never allege in an information or in an indictment, the District Court reached beyond the Grand Jury's findings and constructively amended his indictment to include surplusage in order to sentence him on allege facts that was never presented to the Grand Jury for determination.

The District Court has jurisdiction to sentence a defendant only to a sentence equal to or less than the statutory maximum of the offense that the indictment charges. See, **United States -V- Fletcher**, 121 F. 3d 187, 193 (5th Cir. 1997) (Finding Harmless Error in Constructive Amendment of Indictment but vacating the sentence because it exceeded the statutory maximum of the offense charged in the indictment). **Packnett -V- United States**, 503 F. 2d 949, 950 (5th Cir. 1974) (Noting that if the defendant had been sentenced for Felony Offense where the indictment failed to allege the element that would make the offense charged a felony, the sentence would have to be vacated). Conversely, the District Court here lacks the jurisdiction to impose a sentence exceeding the statutory maximum of the offense alleged in the indictment, as it did here in imposing a sentence of 188 months imprisonment and a term of 5 year's supervised release.

Furthermore, there was not assurance that the Grand Jury found probable cause for each of the elements of the offense. See, **United States -V- Cabrera -Teran**, 168 F. 3d 141, 143 (5th Cir. 1999). Events subsequent to the issuance of the indictment do little to inform the court of the elements of an offense

for which the Grand Jury found probable cause; instead, the indictment itself is the sole record of the Grand Jury's probable cause findinds.

Title 21 U.S.C. §846 and 841(a)(1), does not prescribe penalties. See, e.g. **Edward -V- United States**, 1998 U.S. Trans Lexis 40, *29 (Oral Arguments Scalia, J Concurrent); See also **United States -V- Rogers**, 228 F. 3d 1318, 1328 N. 18 (11th Cir. 2000). (Section 841(a)(1) does not provide for any penalties or enhancements at all"). The doctrine of stare decisis ensures that "The law will not merely change erratically" and "Permits Society to presume that bedrock principals are founded in the law rather than in the proclivities of individuals. **Vasquez -V- Hillary**, 88 Led 2d. 598, 610 (1986).

The Grand Jury in this case, and in accord with the statute only charged the petitioner with a violation of section §846 and 841(a)(1). The identity and the quantity of the controlled substance was never at any moment an element found by the Grand Jury. See, **United States -V- Salery**, No. CR-00-16-N-,2000 WL 1693756 (M.D. Ala. Nov 9, 2000).

"Facts that expose a defendant to punishment greater than that otherwise legally prescribed were for the Sixth Amendment framers by Defination" elements "of separation legal offense". See, e.g. **United States -V- Garcia**, No. 92-20103, 2000 WL 1597757 (E.D. Mich. 10/26/00).

Thus, here the District Court without jurisdiction constructively amended petitioner's indictment by enlarging the scope beyond that provided by statute and /or the Grand Jury's findings, to include surplusage and sentencing factors as elements of the offense in order to retain jurisdiction.

It is established that "an Amendment to an indictment occurs when the charging terms of the indictment are altered, either literally or in effect by prosecutor or court. **Gaither -V- United States**, 4 F. 2d 1061, 1071 (D.C. Cir. 1969); **Stirone -V- United States**, 4 Led 2d 252, 257 (1960).

It has been well established that [F]ailure to recite essential element of offense in an indictment is not Amenable to harmless error review." See **United States -V- Sprill**, 118 F. 3d 221, 227 (4th Cir. 1997). See also **Russell -V- United States**, 369 U.S. 749, 763- 64, 8 Led 2d 240 (1962) ("An indictment that fail to charge all the elements of a crime must be dismissed.

The Supreme Court long age in **Stirone -V- United States**, 4 Led 2d, at 256, made it clear "After the indictment was changed it was no longer the indictment of the Grand Jury who presented it, any other doctrine would

(9)

place the rights of citizens, which were intended to be provision, at the mercy or control of the court or prosecuting attorney". Thus here the District Court travels beyond the maximum statutory penalty the petitioner would have received if punished accordingly to the facts reflected in the indictment or in the guilty plea alone, it went "Beyond that provided by statute when an offense [was] committed under certain circumstances but not others" creating a "Depriv[ation] of protections that [had] until that point, unquestionably attached", **Apprendi**, at 10. Thus not only constructively amended the indictment, also constituted impermissible burden shifting, as Justice Rehnquist said in his dessenting opinion in **Harrison -V- Ppging. Inc.**, 446 U.S. 578. 64 Led 2d 525 (1980), [i]n a case where the construction of legislative language such as this make so sweeping and so relatively unortodox a change as that made here, I think judges as well as detectives may take into consideration the fact that a watchdog did not bark in the night". id. 446 U.S., at 602. It is clear that "The substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules". **Smith -V- United States**, 3 Led 2d 1041, 1048 ( 1959). The constitutional Guarantees given to a criminal defendant cannot be side stepped by constructive amendment, for the sake of acquiring jurisdiction. **United States -V- Hooker**, 841 F. 2d 1225, 1232 (4th Cir. 1988).

> "An unforeseable judicial enlargement of a
> criminal statute, applied retroactivity,
> operates precisely like an ex post facto law,
> such as article I §10, of the Constitution
> forbids, "**Bouie -V- City of Columbia**,
> 12 Led 2d 894, 898 (1964).

## CONCLUSION

For all the foregoing reasons it is clear from the government's actions that movant's rights were violated when he did not received a **NOTICE** FOR HIS ENHANCED SENTENCE UNDER THE CAREER OFFENDER PROVISIONS, with that being the case, this movant's sentence should be vacated, set aside or correct, pursuant to the United States Constitution.

## CERTIFICATE OF SERVICE

I, Keith Williams hereby certify that on this ___9___ day of April 2002 I have sent a true and correct copy of the foregoing to the Assistant U.S. Attorney Terrence Thompson, at 500 East Broward Blvd. Seventh Floor, Fort Lauderdale, Florida 33394.

        All the foregoing statements
          were made under the pain
           and penalties of perjury
 and in accordance with Title 28 U.S.C. §1746

Respectfully Submitted,

*Keith Williams*

KEITH WILLIAMS-Pro-Se
REG NO:08850-017
FCI FORT DIX (UNIT 5702)
P.O. BOX 2000
FORT DIX, NEW JERSEY 08640